IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARRICK L. HUNTER,                                 CV. 05-215-ST

       Plaintiff,                                 ORDER

    v.

ALAN TRAUTWEIN, JERRI JARMER,
and LARRY MONAGON,

        Defendants.

KING, District Judge.

    This action comes before the court on plaintiff's Motion for Preliminary Injunction (docket #21). Plaintiff asks the court to immediately enjoin the defendants from: (1) continuing to subject him to incarceration and post-prison supervision in retaliation for the grievances and lawsuits he has filed against them; and (2) keeping him on post-prison supervision in violation of his right to due process of law.

///

///

1 - ORDER

## STANDARDS

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 391, 395 (1981). The Ninth Circuit recognizes two separate tests in determining whether a preliminary injunction should issue. Under the traditional standard, the court may issue a preliminary injunction if it finds: (1) the moving party will probably prevail on the merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of the hardships favor the moving party; and (4) the public interest favors granting relief. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1985).

To prevail under the alternate test, plaintiff must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and that the balance of hardships tips sharply in its favor. American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983); Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). The formulations under the alternate test represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Diamontiney, 918 F.2d at 795. Under either formulation, the moving party must show a fair chance of success on the merits. Stanley v.

University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).

## **DISCUSSION**

Plaintiff attempts to challenge his continued incarceration, as well as his term of post-prison supervision, on the basis that these restraints on his liberty are unconstitutional. Whether preliminary injunctive relief is appropriate in this case principally turns on the viability of plaintiff's claims in a § 1983 action.

When a state prisoner seeks declaratory, injunctive, or monetary relief under 42 U.S.C. § 1983, a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of plaintiff's conviction or sentence. Edwards v. Balisok, 520 U.S. 641 (1997). A 42 U.S.C. § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless the plaintiff can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000). The Supreme Court's jurisprudence in this area makes it clear that, without prior invalidation, a prisoner's § 1983 action is barred "no matter the relief sought" and "no

3 - ORDER

matter the target of the prisoner's suit" if success in the action would imply the invalidity of the prisoner's sentence or affect the duration of the sentence. Wilkinson v. Dotson, 125 S.Ct. 1242, 1246 (2005).

In this case, plaintiff asks the court to declare his detention and post-prison supervision illegal and release him from custody. Whereas defendants contend that plaintiff's post-prison supervision will not expire until February 26, 2007, plaintiff claims that his sentence discharge date should have been December 28, 2004. He also asserts that a judgment by this court in his favor would not directly challenge the original criminal judgment because that judgment expired last year.

A decision in plaintiff's favor in this case would clearly imply the invalidity of his current detention as well as his scheduled post-prison supervision. See U.S. v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995) (parole is considered part of a criminal defendant's original sentence). Plaintiff and defendants have a fundamental disagreement regarding the discharge date of plaintiff's sentence. This is precisely what the habeas corpus remedy is intended to address. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (habeas corpus is the proper mechanism to challenge legality of confinement, whereas § 1983 is the proper method to challenge the conditions of confinement).

The claims which are the subject of the Motion for Preliminary Injunction are not cognizable in a § 1983 action. For this reason, plaintiff's likelihood of succeeding on the merits of these claims is essentially non-existent. Although plaintiff would experience significant injury were he to remain incarcerated past his true sentence expiration date for no valid reason, because the court cannot address his claims in this § 1983 action, preliminary injunctive relief is not appropriate.

**CONCLUSION**

For the reasons identified above, plaintiff's Motion for Preliminary Injunction (docket #21) is DENIED.

IT IS SO ORDERED.

DATED this 14 day of October, 2005.

Garr M. King
United States District Judge