IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARRICK LANG HUNTER,  CV. 05-215-ST

    Plaintiff,  ORDER

  v.

ALAN TRAUTWEIN, JERRI JARMER
and LARRY MONAGON,

    Defendants.

KING, District Judge.

This action comes before the court on plaintiff's Motion for Temporary and Permanent Injunction (docket #31). Plaintiff asks the court to enjoin defendants from enforcing the following conditions of his parole:

    (1) Supervision under the Special Supervision Team;

    (2) Global Positioning Satellite Electronic Monitoring;

    (3) Community Notification; and

    (4) Any conditions or other restrictions ordered by the Special Supervision Team that was not approved by the Oregon Board of Parole and Post-Prison Supervision.

1 - ORDER

For the reasons which follow, the Motion for Temporary and Permanent Injunction is denied.

## **DISCUSSION**

On June 11, 2005, plaintiff filed a Motion for Temporary Restraining Order (docket #13) in which he asked the court to enjoin defendants from enforcing the conditions of his post-prison supervision. In its Order (docket #19) dated July 25, 2005, the court denied plaintiff's Motion in part because the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994),[1] precluded the relief plaintiff was seeking in this § 1983 action.

On September 7, 2005, plaintiff filed a Motion for Preliminary Injunction (docket #21) challenging his confinement, as well as his post-prison supervision. On October 18, 2005, the court again held that it could not provide relief based on the Supreme Court's decision in Heck.

On November 14, 2005, plaintiff filed the Motion for Temporary and Permanent Injunction which is currently before the court. Plaintiff again seeks to challenge the conditions of his post-prison supervision. Because plaintiff's third request for

---

[1] Heck held that a 42 U.S.C. § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless the plaintiff can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus.

2 - ORDER

immediate injunctive relief once again runs afoul of <u>Heck</u>, the Motion is denied.

## **CONCLUSION**

Plaintiff's Motion for Temporary and Permanent Injunction (docket #31) is DENIED.

IT IS SO ORDERED.

DATED this __13th__ day of December, 2005.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge